## Abe Cohn, Trading as Cohn Suit & Skirt Company, Defendant in Error, v. Joe Arkin, Plaintiff in Error.

### Gen. No. 17,207.

1. ACCORD AND SATISFACTION—*bona fide dispute.* Where goods are not delivered as ordered, in absence of amicable adjustment, there is a question of bona fide dispute, upon which an accord and satisfaction may be based.

2. ACCORD AND SATISFACTION—*check "in full."* A check marked "all claims accounts paid in full," if cashed on receipt, where there is a bona fide dispute, *held* to amount to an accord and satisfaction.

3. ACCORD AND SATISFACTION. Accord and satisfaction *held* established by evidence.

Error to the Municipal Court of Chicago; the Hon. HOSEA W. WELLS, Judge, presiding. Heard in this court at the March term, 1911. Reversed with judgment here. Opinion filed March 24, 1913.

Saltiel & Rossen, for plaintiff in error.

Elbert C. Ferguson, for defendant in error.

Mr. Justice Baker delivered the opinion of the court.

Plaintiff Cohn recovered a judgment for $18.75 in an action of the fourth class in the Municipal Court against defendant Arkin, who has sued out this writ of error. The statement of claim is in substance the consolidated common counts, to which is attached a statement of account showing goods sold $111.00, a credit of $83.75, leaving balance due $18.75. Defendant filed an affidavit of defense, stating that he had a good defense to the suit as to the whole of plaintiff's demand, and that the nature of his defense was as follows:

"A dispute existed between the parties as to the correct amount due, and on September 8 this affiant sent to the plaintiff, Cohn Suit & Skirt Co., a check in the sum of $83.25, upon which check was endorsed the words, 'all claims accounts paid in full,' the plaintiff accepted said check and had the same cashed, which said check has been returned stamped 'paid.'"

It appears from the record that the plaintiff is a manufacturer of ladies' suits and skirts and sold to the defendant, a retailer of such articles, a number of bills of goods; that a dispute arose over two items of $48 each, consisting of six coats; that plaintiff ad-mitted that the coats were not what defendant had ordered and offered to allow defendant twenty-five per cent., but defendant insisted on an allowance of fifty per cent. Allowing the defendant twenty-five per cent., the amount due is $18.75. The court found as a fact that, "there was no *bona fide* dispute between the parties as to the amount due." This finding is clearly erroneous. When the plaintiff delivered to defendant goods which he had not ordered, the allowance to be made to the defendant was a matter for adjustment, and the amount due for such goods was, in the absence

of amicable adjustment, a question of *bona fide* dispute between the parties.

It further appears that about a year after the goods were delivered the defendant sent to the plaintiff a check, payable to his order, of $83.75, on the back of which, at the time of the trial, were the words: "All claims accounts paid in full," with lines drawn through those words. Plaintiff testified that these lines did not appear on the check when it was sent to him, and on his cross-examination, "did neither admit nor deny that said words were endorsed on said check," but claimed that he did not remember, and admitted that he had received and collected the check. The bookkeeper of the defendant testified that she wrote the check with the exception of the signature and wrote on the back thereof the words: "All claims accounts paid in full," and mailed the check with such endorsement thereon to the plaintiff. The finding of facts on this point is "The court finds as a fact that the defendant did not remit the said sum as payment in full."

This finding is also erroneous. The bookkeeper's testimony was affirmative and positive, and unless she knowingly testified falsely the words in question were on the check when it was mailed to the plaintiff. The plaintiff's testimony that the lines through the words in question on the check as it appeared at the trial were not on the check when he received it, and that he did not remember whether such words were on the check when he received it, tends but slightly, if at all, to contradict the testimony of the bookkeeper.

We think the evidence in the record and the evidentiary facts found by the court clearly establish the defense of accord and satisfaction set up in defendant's affidavit of defense, and the judgment will be reversed with judgment here for the defendant and for his cost in this court and in the Municipal Court.

*Reversed with judgment here for defendant.*